**SOCIETE ANONYME DES MANUFACTURES DES GLACES ET PRODUITS CHIMIQUES DE SAINT–GOBAIN, CHAUNY & CIREY, v. MARZALL.**

Civ. A. No. 831–51.

United States District Court
District of Columbia,
Washington, D. C.

Nov. 12, 1952.

Dale A. Bauer and John L. Seymour, New York City, N. D. Parker, Jr., Washington, D. C., for plaintiff.

E. L. Reynolds, Sol., United States Patent Office, and S. William Cochran, Atty., U. S. Patent Office, Washington, D. C., for defendant.

MORRIS, Judge.

A memorandum opinion was rendered in this case D.C., 104 F.Supp. 670. The effect of the decision there stated was that the plaintiff was entitled to letters patent on the typical claims used in the hearing and argument of this controversy. It was stated that the conclusions reached with respect to the two typical claims discussed in that memorandum opinion should be applicable to all of the claims in the controversy embodying the principles involved in each of those which were discussed, or so related thereto as to be allowable to protect the invention involved from infringement by incidental variations. As to any of the claims in controversy not considered to be within such category, determination was to be made upon the submission and consideration of proposed findings of fact and conclusions of law. Thereafter conferences were had with respect to numerous claims not specifically dealt with in the memorandum opinion, and decision was made respecting such claims.

The plaintiff, at a further conference of counsel and the Court, urged the allowance of the method or process claims 1, 2, 29 and 28 of the Lambert application. Following such conference, memorandum was submitted by counsel for plaintiff, to which counsel for defendant replied, and thereafter counsel for plaintiff filed a reply

to defendant's memorandum. Upon consideration, the Court filed a supplemental memorandum on July 30, 1952, in which the following decision was stated:

"The invention here involved is for an apparatus which will produce, by means of electrical heat in combination with the relatively cold lump of material to be melted and the relatively cool walls of the tank, a circulating pumping action which is not and cannot be produced by apparatus in the prior art, and which, so far as the Court is convinced by the evidence and argument in the instant case, cannot be produced by any other apparatus than that of the plaintiff. It was for this reason that the Court authorized the issuance of letters patent on the plaintiff's invention. I am convinced that the method or process here involved is that which is essentially the function of the apparatus of the plaintiff. I therefore conclude that the plaintiff, being entitled to letters patent for the apparatus, is not entitled to letters patent for the method or process, which is simply the functioning of the apparatus which is patented.

"The relief sought with respect to claims 1, 2, 29 and 28 of the Lambert application is denied."

The plaintiff thereupon filed a petition for reconsideration of the denial of claims 1, 2, 29 and 28 of the Lambert application, to which the defendant replied. On October 9, 1952, at the direction of the Court, oral argument was had on the petition for reconsideration.

I have reached the conclusion, in the light of the memoranda and oral argument had on the petition for reconsideration, that my denial of the relief respecting claims 1, 2, 29 and 28 of the Lambert application was erroneous. It is true that the apparatus, the claims for which were allowed, is novel and does effectively produce the useful and desired results sought to be accomplished by the method and process disclosed and claimed in the applicant's method claims, but I am now convinced that this alone does not and should not preclude patent protection for the method, which is novel and useful, even though a novel apparatus is necessary to its accomplishment.

"That a process may be patentable, irrespective of the particular form of the instrumentalities used, cannot be disputed. * * * A process is a mode of treatment of certain materials to produce a given result. It is an act, or a series of acts, performed upon the subject-matter to be transformed and reduced to a different state or thing. If new and useful, it is just as patentable as is a piece of machinery. In the language of the patent law, it is an art." Cochrane v. Deener, 94 U.S. 780, 24 L.Ed. 139, 141.

"A process may be altogether new, whether the machine by which it is carried on is new or old. A new process may be invented or discovered which may require the use of newly invented machinery. In such a case, if both the process and machine are invented by the same person, he may obtain separate patents on the machine and the process." Smith Engineering Works v. Nordberg Mfg. Co., 7 Cir., 68 F.2d 492, 494.

Also see Application of DeLancey, 159 F. 2d 737, 34 C.C.P.A., Patents, 849.

While, as heretofore stated, the apparatus invented by the applicant carries into effect and operation the method disclosed and claimed by the applicant, that is insufficient to rob that method of its novelty and usefulness. I am even more convinced that the method claims here involved ought to be allowed in the light of certain action of the Patent Office, brought to my attention on the motion for reconsideration. It appears that on June 17, 1952, letters patent No. 2,600,490 were issued to C. F. De Voe for a method peculiarly similar to the method claimed in the Lambert application, notwithstanding the Lambert application has a filing date of July 1, 1943, four years prior to the filing date of De Voe. I fail to see how in good conscience patent protection for a method claim can be granted on the De Voe application and refused to the prior claim of Lambert; how it can be asserted that one is patentable and the other is not.

For the reasons stated, the supplementary memorandum, dated July 30, 1952, is upon reconsideration vacated, and the relief sought respecting claims 1, 2, 29 and 28 of the Lambert application is granted.